UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
UNITED STATES OF AMERICA,                :
:
*Plaintiff,*                    :
:
v.                                       :
:
ANNETTE WIESEL as Executrix of the       :
Estate of LEO ZIEGEL,                    :
:       No 17-2927
*Defendant.*                    :
:
------------------------------------------------------x

## COMPLAINT

The United States of America, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. § 3711(g)(4)(C) to collect an outstanding civil penalty pursuant to 31 U.S.C. § 5321(a)(5) from the estate of Leo Ziegel, deceased, which was assessed against Leo Ziegel for his failure to timely report his financial interest in, and/or signatory or other authority over, a foreign bank account for the 2008 calendar year, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance of $1,843,010.13 as of November 3, 2016.  In support of its complaint, the United States alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction under 18 U.S.C. §§ 1331 and 1345.

2. Leo Ziegel died testate on April 4, 2014.

3. The defendant Annette Wiesel is named as a defendant in her capacity as executrix of the estate of Leo Ziegel, deceased.

4. Venue is proper under 28 U.S.C. § 1391.

**Background Regarding Foreign Bank Account of Leo Ziegel**

5. Sometime prior to April 1983, Leo Ziegel engaged the services of Auctoriana Anstalt.

6. Upon information and belief, Auctoriana Anstalt is a company currently located in Zurich, Switzerland that offers consulting services in organization and management of companies and also serves as a fiduciary.

7. Upon information and belief, Auctoriana Anstalt has or had a location in Vaduz, Lichtenstein.

8. On April 18, 1983, Auctoriana Anstalt established a Lichtenstein foundation named Assadah Stiftung ("Assadah").

9. Doctor Herbert Batliner, an employee of Auctoriana Anstalt, served as trustee of Assadah.

10. Also on April 18, 1983, Dr. Batliner opened a bank account with the Union Bank of Switzerland ("UBS"), having a number ending in 240 ("Account").

11. Also on April 18, 1983, Leo Ziegel signed a UBS signature card for the Account.

12. On October 31, 1983, in Zurich, Switzerland, Leo Ziegel signed a UBS form that created a trust agreement between Assadah and UBS with regards to the Account.

13. On July 19, 2002, Assadah appointed a new trustee, Prokurations Anstalt of Vaduz, Lichtenstein ("Prokurations").

14. On both August 28, 2002, and November 22, 2004, Angelika Moosleithner-Batliner ("Moosleithner"), a representative of Prokurations, signed UBS forms identifying Leo Ziegel as the beneficial owner of Assadah and the Account.

15. On June 9, 2009, Ms. Moosleithner requested that UBS close the Account and transfer the funds to another bank.

16. On various occasions between 2002 through 2009, Leo Ziegel met or spoke with employees of UBS to withdraw cash from the Account and to discuss investments of the Account's assets.

17. During the years 1999 through 2008, Leo Ziegel utilized funds from the Account via cash withdrawals and check payment orders.

18. During the years 1999 through 2009, Leo Ziegel earned interest and dividend income and received investment sales proceeds from the Account.

### Tax Return Preparation

19. Leo Ziegel did not report any income or loss from the Account, or otherwise disclose the existence of the Account to the IRS, on his 2008 federal income tax return, or at any other time.  Moreover, Leo Ziegel did not advise the accountant who prepared his 2008 federal income tax return of the existence of the Account at any time.

20. Leo Ziegel signed his 2008 federal income tax return under penalty of perjury.

### Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))

*Liability for the Civil Penalty*

21. During the 2008 calendar year, Leo Ziegel was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24 (2009).

22. During the 2008 calendar year, Leo Ziegel had a financial interest in the Account and/or signatory or other authority over the Account, within the meaning of 31 C.F.R. § 103.24.

23. The Account was a bank account in a foreign country.

24. During the 2008 calendar year, the balance of the Account exceeded $10,000.

25. Leo Ziegel failed to file an FBAR with regard to the 2008 calendar year on or before June 30, 2009, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c) (2009).

26. The failure of Leo Ziegel to timely file the FBAR with regard to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

27. During the 2008 calendar year, the maximum balance of the Account was $2,960,109.00.

28. On May 15, 2015, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed a civil penalty against the estate of Leo Ziegel, deceased, in the amount of $1,670,637.00, due to the willful failure of Leo Ziegel to disclose the Account to the IRS ("FBAR Penalty").

29. On or about May 15, 2015, a delegate of the Secretary of the Treasury sent to Leo Ziegel notice of the assessment of the FBAR Penalty and a demand for payment.

30. In addition to the FBAR Penalty, the estate of Leo Ziegel, deceased, owes a late-payment penalty pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of $147,748.39, as of November 3, 2016.

31. In addition to the FBAR Penalty, and the late-payment penalty described in the previous paragraph, the estate of Leo Ziegel, deceased, owes accrued interest in the amount of $24,624.74, as of November 3, 2016.

32. The estate of Leo Ziegel, deceased, is liable to the United States for the FBAR Penalty, as well as associated penalties and interest, in the total amount of $1,843,010.13 as of November 3, 2016, plus statutory accruals from that date until the liability is paid in full.

33. This civil action to collect the FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of May 15, 2015, the date that the penalty was assessed.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States and against the defendant Annette Wiesel, as Executrix of the Estate of Leo Ziegel, deceased, for the FBAR Penalty assessed against Leo Ziegel with regard to the 2008 income tax year, as well as associated penalties and interest, in the total amount of $1,843,010.13 as of November 3, 2016, plus statutory accruals from that date until fully paid; and,

(b) Award the United States of America its costs, and such further relief as the Court deems just and proper.

## JURY DEMAND

The plaintiff United States demands a trial by jury on all issues so triable.

Dated: May 12, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ James Yu*
JAMES YU
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6460 (v)
202-514-5238 (f)
James.Yu@usdoj.gov